1  SEAN P. REIS (SBN 184044)
   sreis@edelson.com
2  EDELSON MCGUIRE, LLP
   30021 Tomas Street, Suite 300
3  Rancho Santa Margarita, California 92688
   Telephone: (949) 459-2124
4  Facsimile: (949) 459-2123

5  [Additional counsel included below.]

6  *Attorneys for Plaintiff and the putative class*

7

8

9                 **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11  KIRT PARKER, individually and on          Case No.   CV12· 0984 GAF (MAN)
    behalf of all others similarly situated,

12                                             **CLASS ACTION COMPLAINT**
              *Plaintiff,*                     **FOR:**

13        v.                                   1. **Fraudulent Inducement;**
                                               2. **Breach of Express Warranties,**
14  IOLO TECHNOLOGIES, LLC, a                     **Cal. Com. Code § 2313;**
    California limited liability company,      3. **Breach of Implied Warranties,**
15                                                **Cal. Comm. Code § 2314;**
              *Defendant.*                     4. **Breach of Contract; and**
16                                             5. **Unjust Enrichment.**

17                                             **DEMAND FOR JURY TRIAL**

18

19

20

21

22

23

24

25

26

27

28

    CLASS ACTION COMPLAINT

Plaintiff Kirt Parker brings this Class Action Complaint against Defendant Iolo technologies, LLC ("Iolo" or "Defendant") based upon Defendant's practice of defrauding consumers through the design and sale of certain of its software products. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Iolo is one of the largest and fastest growing developers of computer utility software in the United States. Iolo markets and sells a variety of products that it claims will increase the speed, performance, and stability of a consumer's personal computer ("PC"), fix security and privacy risks, remove harmful errors, and improve Internet speeds. Unfortunately for consumers, the methods used by Iolo to induce consumers to purchase such software, as well as the software itself, are undeniably fraudulent.

2. Iolo uniformly designed the products at issue in this lawsuit—its System Mechanic software suite ("System Mechanic")—to defraud consumers.

3. That is, when a user navigates to Iolo's website, or views the software's packaging in a retail store, Iolo represents to the consumer that System Mechanic is capable of identifying, reporting and repairing a wide range of PC errors, privacy and security threats, and other computer problems.

4. However, as described herein, Iolo intentionally designed System Mechanic to misrepresent and exaggerate the severity of such errors, as well as the overall "system" and "security status" of the PC, regardless of the real condition of the consumer's computer. As a result, Iolo lulls consumers into a false sense of security that System Mechanic is actually conducting the beneficial tasks represented—that the software is honestly and accurately detecting and removing or

CLASS ACTION COMPLAINT          1

repairing credible errors and security threats. In truth, System Mechanic's real value, stripped of these artifices, is much less than reflected in its purchase price.

5.      Iolo holds itself out as a reputable industry leader in developing software aimed to protect consumers' computers. Because average consumers lack the requisite technical expertise to understand the underlying functionality of Iolo's software, they trust Iolo to honestly describe the utility of its products, and design its software to truthfully report errors. Iolo betrayed that trust, and as a result, potentially millions of consumers have been and continue to be duped into paying for its System Mechanic software.

## PARTIES

6.      Plaintiff Kirt Parker is a natural person and citizen of the State of Louisiana.

7.      Defendant iolo technologies, LLC is a California limited liability company with its headquarters and principal place of business located at 7470 North Figueroa Street, Los Angeles, California 90041. Iolo does business throughout the State of California and the United States.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

9.      Venue is proper in this District under 28 U.S.C. § 1391(a) because Defendant resides in this District and the injuries of which Plaintiff complains arose here. Venue is additionally proper because Defendant transacts significant business in

CLASS ACTION COMPLAINT          2

this District, including soliciting consumer business and entering into consumer and business transactions.

## FACTUAL BACKGROUND

**I.    A Brief Overview of Iolo**

10.    Founded in 1998, Iolo has become one of the world's leading providers of PC "tune-up" software. Iolo boasts that it produces a variety of award-winning software products that repair, optimize, and protect personal computers. Defendant asserts on its website that "more than thirty-six million people rely on Iolo for their PC optimization, security, and data recovery needs," and that it maintains a presence in thirty-three countries, with products in over six languages.[1]

11.    System Mechanic is Iolo's flagship software suite. According to Iolo, System Mechanic has been installed on over seventy-five million computers worldwide, and Defendant currently possesses an eighty-five percent share of the PC tune-up market in the United States.[2] Iolo's software is sold online through its websites, as well as in retail stores such as Wal-Mart, Best Buy, Staples, OfficeMax, CostCo, Frys, Office Depot, and Target.

**II.    Iolo Deceptively Markets its System Mechanic Software**

12.    Iolo offers several versions of System Mechanic—System Mechanic, System Mechanic Professional, and System Mechanic Business. While different in name, each version of the software possesses substantially the same functionality.

13.    Iolo heavily advertises and otherwise promotes its System Mechanic software through sponsored advertising on the Internet, displayed in search engine results and targeted website advertisements.

---

[1]    Corporate Background, http://www.iolo.com/company/aboutus.aspx (last viewed January 11, 2012).

[2]    *Id.*

CLASS ACTION COMPLAINT                    3

14.    Through those advertisements, on its websites, and on System Mechanic's packaging in retail stores, Iolo represents that its software repairs hard drive problems, boosts Internet speeds up to 300%, repairs security vulnerabilities, optimizes and accelerates the user's PC, and blocks hackers and Internet intruders.

15.    Regardless of where the consumer encounters Iolo's assertions about its software—online or in a brick and mortar store—the representations made by Defendant about the utility of System Mechanic are the same. In essence, Iolo claims that System Mechanic scans the user's PC, accurately reports existing errors and threats—which purportedly correspond with the problems Defendant represents that the software will detect—and then corrects these issues.

16.    In reality, and as explained below, Iolo intentionally designed System Mechanic to exaggerate and misrepresent errors and the overall system and security status of a user's PC, and the software cannot and does not actually perform the beneficial tasks as represented by Defendant.

**III.    Iolo Designed System Mechanic to Exaggerate and Misrepresent the Errors, Security Status, and System Status of Consumers' PCs**

17.    After purchasing and installing System Mechanic, Iolo instructs the user to perform a scan to detect "system problems."

18.    Upon performing a scan, the user is presented with a graphical depiction of the computer's purported condition in the form of a large meter with three gauges: "Overall," "Health," and "Security." Each gauge contains colored sections that correlate with varying levels that represent the computer's status, ranging from poor (red) to good (green). A large colored box also appears on the screen and informs the user that the "System Status is [Poor/Fair/Good]" and that "[X amount of] problems are lowering your system's overall status." In ominous red lettering, a task bar displays a message that reads, "[X amount of] problems are lowering your system health and security." Below this, a table is displayed listing the "computer problems"

CLASS ACTION COMPLAINT          4

present on the user's computer, accompanied by frightening descriptions of their implications if left unfixed. The user is then given the option to "Repair Now" and remedy the harmful items detected by System Mechanic.

19.  Consumers who use System Mechanic and view the results described above reasonably believe that Iolo's software is truthfully and accurately identifying computer errors, security/privacy risks, and other system problems, as expressly represented by Iolo. Unfortunately for those consumers, that is not the case.

20.  Through his attorneys, Plaintiff has engaged computer forensic experts to examine System Mechanic. The experts uncovered that Iolo deceptively designed System Mechanic to invariably report, in an extremely menacing manner, that harmful computer problems are "lowering the system health and security" of the user's PC—without any real, credible diagnosis of the condition of the system.

21.  Likewise, Iolo programmed System Mechanic to arbitrarily characterize issues as "security vulnerabilities," and to inform the user that his or her computer's system health was "in the red" through its graphical meters—again, without any real diagnosis of the computer. Ostensibly these practices lead the consumer to believe that System Mechanic is properly performing the operations represented by Iolo, when, in fact, the software is not using any reliable metrics to evaluate the individual's PC.

22.  By and through the deceptive practices described above, Iolo has profited, and continues to profit, by defrauding consumers into believing that their computers are damaged and/or at risk, and that System Mechanic is "fixing" these problems. This induces the consumer to continue using System Mechanic, as he or she believes that the software is performing the beneficial tasks represented by Iolo.

CLASS ACTION COMPLAINT          5

## IV.    Plaintiff Kirt Parker's Experience

23.    In early 2011, Plaintiff Parker visited Office Depot seeking software that would enhance the performance of his computer. Relying upon the representations made on its packaging—namely, that the software would repair harmful errors, optimize and accelerate his computer, and protect him from security risks—Parker selected and purchased the Iolo System Mechanic software.

24.    Parker relied upon Iolo's foregoing representations about the utility of the System Mechanic software, inasmuch as he reasonably believed that the software would actually perform the operations above, and improve the overall performance of his computer. But for these representations, Plaintiff would not have agreed to purchase the software.

25.    Parker further relied upon Iolo's misrepresentations made through System Mechanic itself that his "system status" and "security status" was "Poor," as well as the graphical depictions supposedly reflecting the health of his PC, including gauges displaying his system status "in the red." But for these representations, Parker would have timely requested a refund of the System Mechanic software.

26.    By and through these actions, Iolo induced Plaintiff Parker to purchase, and continue to use, a product with a value significantly less than reflected in the its purchase price.

## CLASS ACTION ALLEGATIONS

27.    **Definition of the Class:** Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of himself and a class (the "Class") of similarly situated individuals, defined as follows:

> All individuals and entities in the United States and its territories that paid a fee to purchase any version of iolo technologies, LLC's System Mechanic software.

> Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries,

parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released, and (5) the legal representatives, successors, or assigns of any such excluded person.

28.    **Numerosity:**  The exact number of Class members is unknown to Plaintiff at this time, but on information and belief, Iolo has sold its software to thousands of Class members throughout the country, making joinder of each individual member impracticable. Ultimately, the Class members will be easily identified through Iolo's records.

29.    **Typicality:**  Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Iolo's uniform wrongful conduct during transactions with Plaintiff and the Class.

30.    **Adequate Representation:**  Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Iolo has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

31.    **Commonality and Predominance:**  Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual members. Those questions include, but are not necessarily limited to:

a)     whether Defendant has intentionally designed the System Mechanic software to exaggerate and/or misrepresent the existence of errors and other problems on a user's computer;

b)     whether the System Mechanic software actually repairs computers errors and problems, and/or improves computer speed and functionality;

c)     whether Defendant's conduct described herein constitutes a breach of express warranties;

d)     whether Defendant's conduct described herein constitutes a breach of implied warranties;

e)     whether Defendant's conduct described herein constitutes fraudulent inducement;

f)     whether Defendant's conduct described herein constitutes a breach of contract; and

g)     whether Defendant unjustly received and/or continues to receive money as a result of its conduct described herein, and whether under principles of equity and good conscience, Defendant should not be permitted to retain those monies.

32.     **Superiority:** Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, as joinder of all Class members is impracticable. The damages suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due

CLASS ACTION COMPLAINT          8

to the complex legal and factual controversies presented in this Complaint. By
contrast, a class action presents far fewer management difficulties and provides the
benefits of single adjudication, economy of scale, and comprehensive supervision by
a single court. Economies of time, effort, and expense will be fostered and uniformity
of decisions will be ensured.

33.    **Policies Generally Applicable to the Class:**  This class action is also
appropriate for certification because Iolo has acted or refused to act on grounds
generally applicable to the Class, thereby requiring the Court's imposition of uniform
relief to ensure compatible standards of conduct toward the members of the Class,
and making final injunctive and/or declaratory relief appropriate with respect to the
Class as a whole. Iolo's policies challenged herein apply and affect members of the
Class uniformly and Plaintiff's challenge of these policies hinges on Iolo's conduct
with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

34.    **Notice to the Class:** In the event that this matter is certified as a class
action, notice will be disseminated to the members of the Class in a form and format
that complies with the Federal Rules of Civil Procedure and Due Process, subject to
approval by the Court.

35.    Plaintiff reserves the right to revise the foregoing "Class Action
Allegations" and "Class Definition" based upon facts learned in discovery.

### FIRST CAUSE OF ACTION
**Fraudulent Inducement**
**(On Behalf of Plaintiff and the Class)**

36.    Plaintiff incorporates by reference the foregoing allegations as if fully
set forth herein.

37.    As described with particularity throughout this Complaint, Iolo has used,
and continues to use, marketing tactics and materials it knows or reasonably should
know are false and misleading.

CLASS ACTION COMPLAINT          9

38.    As an inducement for Plaintiff and the other members of the Class to purchase Iolo's software, Defendant affirmatively and uniformly represented to them that the System Mechanic software would honestly and accurately scan their computers for harmful errors and other problems, increase the speed and stability of their computers, and protect the privacy of their computers. Furthermore, through the software itself, Iolo affirmatively misrepresented the overall health of Plaintiff and the Class members' computers.

39.    Iolo's representations as to the functionality of its software were, in fact, false. Iolo's software does not actually speed up the performance and stability of computers in the manner described by Defendant, nor does it enhance the security of the user's computer as represented. Likewise, the results of the "initial scan" provided by the software are false because System Mechanic exaggerates and misrepresents the severity of any errors or other problems purportedly identified.

40.    Iolo knew that its representations regarding the System Mechanic software's utility, as well as the representations made within the software about the health of Plaintiff and the Class members' computers were false.

41.    Likewise, Iolo intended that Plaintiff and other Class members rely upon Iolo's misrepresentations about the utility of System Mechanic, and misrepresentations made in the software regarding the actual health of their computers, by purchasing and continuing to use System Mechanic.

42.    Plaintiff and the other Class members reasonably relied upon Iolo's misrepresentations inasmuch as (1) they believed the software was designed to accurately identify, report, and repair errors and other problems on their computers; (2) they reasonably believed that the software had, in fact, accurately identified and reported errors and other problems on their computers; and/or (3) they remitted payment for System Mechanic in order to repair the purported errors and other

CLASS ACTION COMPLAINT          10

1  problems identified by the System Mechanic on their computers.

2      43.    The utility of a consumer product is a material term of any transaction

3  because it directly affects a consumer's choice of, or conduct regarding, whether to

4  purchase a product. Any deception or fraud related to the utility of a product is

5  materially misleading. Accordingly, Iolo's misrepresentations regarding System

6  Mechanic's utility were materially misleading.

7      44.    Plaintiff and the other Class members would not have purchased System

8  Mechanic if not for Defendant's misrepresentations regarding the utility of the

9  software and/or the misrepresentations made within the software regarding the health

10  of their computers. Further, if not for Defendant's misrepresentations in the software

11  itself, Plaintiff and the Class would have discontinued their use of the System

12  Mechanic software and requested a refund.

13      45.    As a result of Defendant's fraudulent conduct described herein, Plaintiff

14  and the Class suffered injury in the form of the monies they paid for the System

15  Mechanic software.

16      46.    Accordingly, Plaintiff, on behalf of himself and the other members of

17  the Class, seeks an award of the maximum damages available, together with costs

18  and reasonable attorneys' fees, in an amount to be determined at trial.

19              **SECOND CAUSE OF ACTION**
**Breach of Express Warranties**
20  **Pursuant to U.C.C. § 2**
**(On Behalf of Plaintiff and the Class)**
21

22      47.    Plaintiff incorporates by reference the foregoing allegations as if fully

23  set forth herein.

24      48.    Licenses for the System Mechanic software are "goods" within the

25  meaning of the Uniform Commercial Code Art. 2, including but not limited to Cal.
Com. Code § 2313 and California common law.
26

27      49.    Pursuant to U.C.C. § 2, including but not limited Cal. Com. Code §

28

CLASS ACTION COMPLAINT      11

2313, the sale of Defendant's System Mechanic software was accompanied by an express warranty of merchantability created by affirmations of facts and promises made by Iolo through its advertising, websites, and in-software representations.

50.    The express warranty of merchantability provided by Defendant included affirmations of fact and promises that its software would accurately identify, report and repair PC errors and other problems, increase computer speed, performance and stability, remove harmful errors, and "clean up" hard drives. In actuality, Defendant fraudulently designed its software to falsely identify and/or exaggerate the presence of harmful errors, and to misrepresent the overall health and security of Plaintiff and the Class's computers in an effort to encourage Plaintiff and the Class members to purchase and use the software. Defendant's misrepresentations were made to Plaintiff and the other members of the Class in a substantially identical manner.

51.    The utility of a consumer product is a material term of any transaction because it directly affects a consumer's choice of, or conduct regarding, whether to purchase a product. Any deception or fraud related to the utility of a product is materially misleading. Accordingly, Defendant's affirmations of utility were material, and its accordant failures to fulfill those affirmations were also material.

52.    Plaintiff and the Class uniformly and reasonably relied upon these affirmations and promises when purchasing Defendant's System Mechanic software, in that Plaintiff and the Class reasonably believed that they were purchasing software that would accurately identify, report and repair PC errors and other problems, increase computer speed, performance and stability, remove harmful errors, and "clean up" hard drives. As such, Defendant's affirmations and promises were part of the money-for-software bargain.

53.    But for Defendant's affirmations and promises, Plaintiff and the Class

CLASS ACTION COMPLAINT        12

would not have purchased the System Mechanic software.

54.    Defendant breached its express warranties by intentionally designing the System Mechanic software to falsely identify and/or exaggerate the presence of harmful errors, and the overall health and security of a consumer's computer.

55.    Defendant's breach directly injured Plaintiff and the Class because they purchased a product of diminished value—software that does not accurately detect, report and repair errors and other problems on a user's computer.

56.    At all times, Defendant was on notice that it had breached its express warranties made to Plaintiff and the Class, inasmuch as Defendant intentionally designed the System Mechanic software to falsely identify and/or exaggerate the presence of harmful errors, and the overall health and security of their computers, and therefore, knew that the software did not meet its warranties to the contrary.

57.    Accordingly, Plaintiff, on behalf of himself and the other members of the Class, seeks an award of the maximum damages available, together with costs and reasonable attorneys' fees, in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
#### Breach of Implied Warranties
#### Pursuant to U.C.C. § 2
#### (On Behalf of Plaintiff and the Class)

58.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

59.    Licenses for the System Mechanic software are "goods" within the meaning of the Uniform Commercial Code Art. 2, including but not limited to Cal. Comm. Code § 2314 and California common law.

60.    Pursuant to U.C.C. § 2, including but not limited to Cal. Comm. Code § 2314, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  Goods are considered merchantable if they "are fit for the ordinary purposes for which such

CLASS ACTION COMPLAINT        13

goods are used" and "conform to the promises or affirmations of fact made on the container or label if any."

61.     A contractual relationship between Defendant, on the one hand, and Plaintiff and the other members of the Class, on the other, was formed when Defendant offered to sell and Plaintiff and the Class agreed to purchase the full version of the System Mechanic software.

62.     By selling the System Mechanic software, Defendant impliedly represented to Plaintiff and the Class that the software would be fit to accurately detect, report and repair computer errors and other problems. Defendant's marketing materials described herein, including its websites and online advertisements, as well as the statements made within the software itself, made similar representations regarding the System Mechanic software's utility and purpose.

63.     Defendant breached the implied warranty of merchantability because, in actuality, System Mechanic is not fit to and does not accurately detect, report and repair computer errors and problems. Rather, System Mechanic was intentionally designed to misrepresent and/or exaggerate errors and other problems on a user's computer.

64.     Moreover, when consumers attempt to "clean" their PCs using the System Mechanic software, the software actually does nothing because the reported errors and problems do not exist and/or are exaggerated and, therefore, cannot be "cleaned" or "fixed."

65.     As a direct and proximate result of Defendant's conduct and its resulting breach of the implied warranty of merchantability, Plaintiff and the other members of the Class have suffered damages in an amount to be proven at trial.

66.     Defendant had actual knowledge that the System Mechanic software breached the implied warranty of merchantability, as Defendant designed the

CLASS ACTION COMPLAINT          14

software not to function and intended that it would not function as advertised. Likewise, Defendant had actual or constructive notice of the damages suffered by Plaintiff and the Class.

67.    Accordingly, Plaintiff, on behalf of himself and the other members of the Class, seeks an award of the maximum damages available as provided by the California Commercial Code, together with costs and reasonable attorneys' fees, in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**Breach of Contract**
**(On Behalf of Plaintiff and the Class)**

68.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

69.    Plaintiff and each member of the Class, on the one hand, and Defendant, on the other, entered into valid and enforceable agreements, whereby Defendant agreed to sell, and Plaintiff and the Class agreed to purchase, software that would accurately identify, report and repair legitimate computer errors and other problems found on Plaintiff and the Class member's computers, as well as improve the overall health, functionality and privacy of those computers.

70.    Plaintiff and the Class paid, and Iolo accepted, the purchase price of the software products at issue. Therefore, Plaintiff and the Class performed their obligations under the contracts.

71.    The actual utility of the software was a material term in the agreements at issue.

72.    Defendant expressly and/or impliedly agreed to provide Plaintiff and the Class a product that would remove errors and other problems from their computers.

73.    Defendant further expressly and/or impliedly agreed to carry out its obligations under the agreement in good faith and fair dealing.

CLASS ACTION COMPLAINT          15

74.    Defendant breached its agreements with Plaintiff and the Class by providing them software that it intentionally designed to misrepresent and/or exaggerate the existence of errors and other problems on their computers and that ultimately did not repair any purported errors, or otherwise have the utility Defendant represented it to have.

75.    As a direct and proximate result of Defendant's breach of its contractual relationships with Plaintiff and the Class, Plaintiff and the Class suffered damages.

76.    Accordingly, Plaintiff, on behalf of himself and the other members of the Class, seeks an award of the maximum damages available in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### Unjust Enrichment (in the alternative to Breach of Contract)
### (On Behalf of Plaintiff and the Class)

77.    Plaintiff incorporates by reference Paragraphs 1-67 as if fully set forth herein.

78.    Count V is expressly brought in the alternative to Count IV (breach of contract).

79.    If the Court finds Plaintiff and the Class's contracts with Defendant invalid or unenforceable, Plaintiff and the members of the Class may be left without any adequate remedy at law.

80.    Plaintiff and the Class members each conferred a benefit upon Defendant in the form of the monies they paid to Defendant for the purchase of the System Mechanic software.

81.    Defendant appreciates and/or has knowledge of the benefits conferred by Plaintiff and the Class.

CLASS ACTION COMPLAINT          16

82.    Under principles of equity and good conscience, Defendant should not be permitted to retain the monies belonging to Plaintiff and the Class that it unjustly received as a result of its unlawful and deceptive conduct alleged herein.

83.    Plaintiff and the Class members each suffered financial loss as a direct result of Defendant's conduct described herein.

84.    Accordingly, Plaintiff, on behalf of himself and the other members of the Class, seeks restitution and disgorgement of all monies unlawfully retained by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kirt Parker, on behalf of himself and the Class, respectfully requests that this Court enter an Order:

A.    Certifying this case as a class action on behalf of the Class defined above, appointing Kirt Parker as Class Representative, and appointing his counsel as Class Counsel;

B.    Declaring that Defendant's actions, as set out above, constitute violations of Uniform Commercial Code § 2, including but not limited to California Commercial Code §§ 2313 and 2314, as well as fraudulent inducement, and breach of contract (or, in the alternative, unjust enrichment),;

C.    Awarding damages, including actual, statutory and punitive damages where applicable, to Plaintiff and the Class in an amount to be determined at trial;

D.    Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including, *inter alia*: (i) prohibiting Defendant from engaging in the wrongful and unlawful acts described herein; (ii) requiring Defendant to disclose and admit the wrongful and unlawful acts described herein; and (iii) requiring Defendant to fully disclose the true nature of its software products now and in the future;

CLASS ACTION COMPLAINT          17

E.    Awarding restitution and disgorging all monies unlawfully retained by Defendant as a result of its conduct described herein;

F.    Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

G.    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

H.    Awarding such other and further relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

Date:  February 3, 2012          **KIRT PARKER**, individually and on behalf of all others similarly situated,

By:  /s/ Sean P. Reis
     One of Plaintiff's Attorneys

SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

JAY EDELSON (jedelson@edelson.com)*
RAFEY S. BALABANIAN (rbalabanian@edelson.com)*
ARI J. SCHARG (ascharg@edelson.com)*
BENJAMIN H. RICHMAN (brichman@edelson.com)*
CHANDLER R. GIVENS (cgivens@edelson.com)*
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Pro Hac Vice admission to be sought.

CLASS ACTION COMPLAINT          18

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV12- 984 GAF (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[_] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[_] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| KIRT PARKER, individually and on behalf of all others similarly situated, | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| | ) |
| IOLO TECHNOLOGIES, LLC, a California limited liability company, | ) |
| *Defendant* | ) |

Civil Action No.

CV12·0984 ᴳᴬF(MANx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  IOLO TECHNOLOGIES, LLC, a California limited liability company, 7470 North Figueroa Street, Los Angeles, California 90041

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Sean Reis
Edelson McGuire LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: FEB - 3 2012 _____

SHEA BOURGEOIS

*Signature of Clerk or Deputy Clerk*

SEAL

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>KIRT PARKER, individually and on behalf of all others similarly situated, | DEFENDANTS<br>IOLO TECHNOLOGIES, LLC, a California limited liability company, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Sean Reis, Edelson McGuire LLP<br>30021 Tomas Street, Suite 300<br>Rancho Santa Margarita, CA 92688 (949) 459-2124 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** 5000000 +

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332(d) (jurisdiction)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12·0984

FOR OFFICE USE ONLY:    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Louisiana |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date 2-3-12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |