JS – 6
LINK: 57

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00984 GAF (MANx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | Kirt Parker v. Iolo Technologies, LLC | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

### ORDER RE: MOTION TO DISMISS

### I.
### INTRODUCTION & BACKGROUND

Plaintiff Kirt Parker brings this putative class action lawsuit against Defendant Iolo Technologies, LLC ("Iolo"), makers of "System Mechanic," a leading "tune-up" software for personal computers running the Microsoft Windows operating system. In summary, Plaintiff alleges that, based on the investigation of a computer forensic expert, the System Mechanic software does not accurately detect and fix problems on the user's PC as advertised, and the functioning of his own computer did not improve following his installation and use of the software. (See Docket No. 56 [First Amend. Compl. ("FAC")].) Plaintiff asserts claims for fraudulent inducement; breach of express and implied warranties of merchantability under California Commercial Code sections 2313 and 2314; breach of contract; and unjust enrichment. He seeks to represent a nationwide class of purchasers of the System Mechanic software. Iolo now moves to dismiss, arguing that Plaintiff lacks standing to bring the suit and that the FAC fails to state any plausible claim for relief. (Docket No. 57 [Mem.].) Because the Court agrees that Plaintiff has failed to allege a concrete and particularized injury sufficient for Article III standing, the motion to dismiss is **GRANTED**.

In greater detail, Plaintiff's FAC alleges that Iolo is a leading provider of PC tune-up software, and that System Mechanic, which comes in several versions, is its flagship software suite, having been installed on 75 million computers worldwide and occupying 85 percent of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00984 GAF (MANx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | Kirt Parker v. Iolo Technologies, LLC | | |

market for PC tune-up software. (FAC ¶¶ 10–12.) Iolo's web site and packaging represent that System Mechanic is "capable of identifying, reporting, and repairing a wide range of PC errors, privacy and security threats, and other computer problems." (Id. ¶ 3.) In particular, Iolo's marketing materials state that the software is designed to fix registry errors, crashes, and freezes; clean system-clogging clutter; repair hardware corruption; boost PC start time and web speed by up to 300 percent; repair mysterious errors, crashes, and restarts; and improve Windows startup performance by up to 800 percent. (Id. ¶¶ 14, 56.)

The System Mechanic software performs a diagnostic scan of the user's PC. (Id. ¶ 15.) The scan produces a graphical depiction of the purported condition of the computer, in three categories, "overall," "health," and "security," with levels ranging from poor to good. A task bar also displays a message that "[X amount of] problems are lowering your system health and security," and a table lists the problems "accompanied by frightening descriptions of their implications if left unfixed." (Id. ¶ 18.) The software provides the user with the option to chose to "repair now." (Id.) However, according to Plaintiff, Iolo intentionally designed the software to misrepresent and exaggerate the severity of errors and the security status of the computer, in order to "lull[] consumers into a false sense of security that System Mechanic is actually conducting the beneficial tasks represented—that the software is honestly and accurately detecting and removing or repairing credible errors and security threats." (Id. ¶¶ 4, 16, 44–45.)

Plaintiff alleges that, through his attorneys, he engaged a computer forensic expert to examine an unspecified version of System Mechanic. This forensic expert has "uncovered that Iolo deceptively designed System Mechanic to invariably report, in an extremely menacing manner, that harmful computer problems are 'lowering the system health and security' of the user's PC—without any actual, meaningful diagnosis of the system's condition." (Id. ¶ 20 (added emphasis).) The computer's "security vulnerabilities" are reported "without using credible metrics to diagnose the condition of the computer." (Id. ¶ 22.) Iolo provides no documentation or guide that explains how the software works. (Id.) Because average consumers lack the technical expertise to understand the software's functionality, they are duped by Iolo's false advertising and led to believe that their computers experience the problems reported by the software, and that the software fixes these problems. (Id. ¶¶ 5, 23, 47–48, 50.) In fact, as Iolo knows, the software does not accurately diagnose the computer's problems, nor does it improve the performance or security of the user's computer as represented. (Id. ¶¶ 45–46, 69–70, 80.)

Plaintiff alleges that, in September of 2010, his own computer was "malfunctioning" and experiencing reduced functionality, as follows. Windows error messages frequently appeared on his screen, an "outdated driver(s)" warning prompted him to update his drivers, and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00984 GAF (MANx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | Kirt Parker v. Iolo Technologies, LLC | | |

computer would often freeze or crash without apparent reason. (Id. ¶ 25.) Accordingly, Plaintiff visited an Office Depot retailer and purchased an unspecified version of the System Mechanic software, on the basis of the representations made on the packing materials. (Id. ¶¶ 25–27.) Plaintiff alleges that he ran the software on his computer numerous times, which diagnosed his "system status" and "security status" as "poor"; graphical gauges showed his system status as "in the red." Each time, the software identified errors and security vulnerabilities and purported to fix these problems. Yet, Plaintiff's computer "continued to suffer from the same problems he experienced prior to purchasing and running the software." (Id. ¶¶ 28–29.) After he determined that the software did not function as advertised, he attempted to obtain a refund; however, Iolo would not issue a refund because he had already sent in the UPC seal from the package in order to obtain a $20 rebate. (Id. ¶¶ 30–31.) Plaintiff alleges that Iolo "induced [him] to buy and continue to use a product with a value significantly less than reflected in its purchase price, and frustrated his attempts to obtain a refund." (Id. ¶ 32; see also id. ¶¶ 4, 61.)

The allegations and claims in Plaintiff's FAC closely resemble those in lawsuits filed in other courts by Plaintiff's counsel around the same time, against other manufacturers of competing computer scan software. In each of these lawsuits, the putative class action plaintiff invariably asserts claims for fraudulent inducement, breach of warranties, breach of contract, and unjust enrichment, and alleges that his attorneys hired a computer forensic expert who determined that the software falsely reports problems with the user's computer; that the marketing materials for the software promise that it accurately scans the computer and fixes various problems, but instead the software misrepresents the health of the computer and does not improve its performance; and that the class members purchased the software in reliance on the defendant's false advertising. (See Mem., Ex. B [Class Action Complaint in Batchelor v. Aol Inc., Case No. 1:12-cv-00963 (S.D.N.Y. Feb. 6, 2012)] ¶¶ 28, 50–52, 55–56; Mem., Ex. C [Class Action Complaint in LaGarde v. Support.com, Inc., Case No. CV 12-0609 JSC (N.D. Cal. Feb. 7, 2012)] ¶¶ 23, 41–42, 44–45; Mem., Ex. D [Class Action Complaint in Gross v. Symantec Corp., Case No. CV 12-0154 HRL (N.D. Cal. Jan. 10, 2012)] ¶¶ 27, 50, 59, 63–64.) Many of the allegations are copied and pasted between the four complaints, and Plaintiff's Complaint references a diagnostic "initial scan," performed prior to purchase, that does not appear to apply to his or other users' experience with the System Mechanic software. (See FAC ¶ 45.)

## II.
## DISCUSSION

### A. LEGAL STANDARD UNDER RULE 12(B)(1)

JS – 6
LINK: 57

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00984 GAF (MANx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | Kirt Parker v. Iolo Technologies, LLC | | |

      Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move to dismiss a complaint over which the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction that "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). Accordingly, a court without jurisdiction over certain claims has no choice but to dismiss them regardless of their gravity or potential validity. "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008).

      "A challenge to standing under Article III 'pertain[s] to a federal court's subject-matter jurisdiction' and is therefore 'properly raised in a motion under Federal Rule of Civil Procedure 12(b)(1).'" LaCourt v. Specific Media, Inc., No. SACV 10–1256–GW(JCGx), 2011 WL 1661532, at *2 (C.D. Cal. Apr. 28, 2011) (quoting White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)). The standing doctrine under the U.S. Constitution requires that those seeking to invoke federal jurisdiction "must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). To satisfy Article III, the plaintiff must show that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Maya v. Centex Corp., Nos. 10–55658, 10–55660, 10–55662, 10–55663, 10–55664, 10–55665, 10–55667, 10–55668, 2011 WL 4381864, at *2 (9th Cir. Sept. 21, 2011) (quoting Friends of the Earth v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81 (2000)). In a class action lawsuit, "[a]t least one named plaintiff must have suffered an injury in fact." In re iPhone Application Litig., No. 11-MD-02250-LHK, 011 WL 4403963, at *4 (N.D. Cal. Sept. 20, 2011) (citing Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003)).

**B. APPLICATION**

      Defendant argues that Plaintiff's complaint should be dismissed for lack of standing, on the basis that Plaintiff has failed to plead any concrete and particularized injury. Plaintiff alleges only that (1) the marketing materials for the System Mechanic software state that it is capable of detecting and repairing a variety of problems on the user's computer, including errors, clutter, slowness, crashing, and freezing; (2) a computer forensic expert—hired by Plaintiff's lawyers—determined that the software actually reports non-existent or exaggerated problems and then falsely claims to fix them; and (3) Plaintiff's own computer experienced unspecified error messages, freezing, and crashing, and it continued to suffer from the same problems after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00984 GAF (MANx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | Kirt Parker v. Iolo Technologies, LLC | | |

Plaintiff installed and ran the software. However, the analysis provided by the computer forensic expert—which is described vaguely and in <u>identical</u> terms as the purported analyses performed in the other putative class action lawsuits on <u>different</u> software[1]—does not establish injury to <u>Plaintiff</u> resulting from his purchase of the software. Indeed, the FAC does not identify the version of System Mechanic analyzed by the expert or purchased by Plaintiff. As to Plaintiff's own experience, he does not describe his computer problems with any specificity or allege that the software was designed and advertised to repair those problems. Nor does he allege that the software failed to provide other advertised benefits, such as improving the performance and speed of his computer, repairing harmful errors, updating drivers, and improving the computer's Internet connection. Instead, the FAC consists of a few vague allegations regarding Plaintiff's experience with the software, along with a litany of generalized allegations lifted from complaints filed in other lawsuits concerning different software. (<u>See</u> Mem. at 6–11; Docket No. 61 [Reply] at 2–6.) In opposition, Plaintiff argues only that he has adequately pleaded a concrete and particularized injury "by alleging that he paid for software that is not capable of performing the functions advertised." (Docket No. 60 [Opp.] at 6–7.)

      The Court agrees with Defendant. Although the purchase of computer software that does not perform the functions advertised can constitute economic harm that satisfies the Article III standing requirement of concrete and particularized harm, Plaintiff has not plausibly alleged that he experienced such an injury here. Plaintiff complains that the System Mechanic software misrepresents the status of the user's computer and exaggerates the problems with it, and that the software does not actually fix the problems it is advertised to fix. Yet Plaintiff does not plausibly allege that <u>he</u> suffered from these deficiencies of the software. That is, he does not allege facts supporting a plausible claim that the software erroneously diagnosed the condition of his computer as "poor" and "in the red"; rather, on Plaintiff's own allegations, his computer indeed functioned poorly. Nor does he allege with any specificity what problems he experienced with his computer before and after he installed and ran the System Mechanic software; whether System Mechanic was designed and advertised to fix these specific problems; and whether or not

---

[1] Indeed, three of the four complaints allege that, through his attorneys, the plaintiff engaged a computer forensic expert to examine the software, and that "[t]he expert uncovered that Defendants deceptively designed [the software] to invariably report, in a . . . menacing manner," that the computer is experiencing various status, security, and privacy problems, without any "credible" or "meaningful" diagnosis of the system's condition. (FAC ¶ 20; <u>Batchelor</u> Compl. ¶ 28; <u>LaGarde</u> Compl. ¶ 23). The allegations in the <u>Gross</u> Complaint are the same in substance. (<u>See</u> Gross Compl. ¶ 27.) The copying and pasting of allegations from one complaint to another is disfavored in this jurisdiction and undermines the plaintiff's claims for relief. <u>See, e.g.</u> <u>Camillo v. City of Maywood</u>, No. 07-3469, 2008 WL 4056994, at *8 (C.D. Cal. Aug. 27, 2008).

JS – 6

LINK: 57

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00984 GAF (MANx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | Kirt Parker v. Iolo Technologies, LLC | | |

the software made any of the many advertised improvements.  In short, Plaintiff's complaint simply does not show that he suffered the injury described.  Thus, Plaintiff lacks Article III standing to pursue this action.  Cf. Birdsong v. Apple, Inc., 590 F.3d 955, 960–61 (9th Cir. 2009) (plaintiffs lacked standing, where they alleged that iPods risked hearing loss to the users, but did not allege that they suffered or would imminently suffer hearing loss from their iPod use); In re iPhone Application Litig., 2011 WL 4403963, at *3–5 (plaintiffs lacked standing where they alleged that the defendants violated their privacy rights by unlawfully allowing third party applications that run on various iDevices to collect and make use of their personal information for commercial purposes, but did not identify what iDevices they used, which defendants and which applications accessed their personal information, and what harm resulted from any access to their personal information); LaCourt, 2011 WL 1661532, at *3–4 (plaintiffs lacked standing where they alleged that the defendants used cookies to track class members' use of the Internet without their knowledge or consent, but did not allege that the defendants tracked the online activity of any of the named plaintiffs).

Accordingly, the motion to dismiss is **GRANTED**, and Plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction.

## III.
## CONCLUSION

Based on the foregoing discussion, Plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**